# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                             Case No. 98-CR-200

**DWAYNE REED,**

        **Defendant-Movant.**

# DECISION AND ORDER

Pro se Petitioner, Dwayne E. Reed ("Reed"), who is currently serving a criminal sentence entered by the Court on September 27, 1999, filed a "motion to compel/production of documents pursuant to Federal Rules of Civil Procedure 34 and 26(B)(3) to obtain work product and 37(a) complaint under the Freedom of Information Act ("FOIA")," 5 U.S.C. § 552. The caption of the motion lists Reed as the Petitioner and the Defendants as "U.S. Attorneys: Christopher E. Ware, Michelle A. Leslie; Beth Blackwood, Christian R. Larson [and] F.B.I. Agent Michael Johnson, and Agent Mark Crider." Reed's motion states that he simply requests that "he is provided [with] the documents responsive to his properly drafted and submitted FOIA request." (Mot. 2)

Reed states that "this action is brought by the Petitioner due to defendants[']s failure to comply with the authority spelled out in the (FOIA)." (*Id*.) However, Reed has no pending civil action and his criminal action is closed. While Reed may pursue his FOIA request,

any appropriate civil action seeking those materials would be commenced by filing a complaint accompanied by the appropriate filing fee or a request to proceed *in forma pauperis* in that action. *See* 5 U.S.C. § 552(a)(4)(B).[1] Based on the foregoing, Reed's motion to compel is dismissed.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2012.

**SO ORDERED,**

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**

---

[1] Section 552(a)(4)(B) states:

On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(C) and subsection (b) and reproducibility under paragraph (3)(B).